Good morning, counsel. The next case for argument this morning is 20-1180 and 20-2664, U.S. v. Stivers. Whenever you're ready, Ms. Ramis, you may proceed. Thank you. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Colleen Ramay, and I represent Defendant Appellant Michael Stivers in this case. The issue in this case can be summarized essentially as whether or not the requirement in Rule 43A that a district court refrain from sentencing a defendant in absentia extends to the whole sentence. The government has argued in this case that the imposition of the amount of restitution is essentially exempted from this requirement. We would argue that it is not. In this case, the court held a sentencing hearing, and an objection was made to the request for restitution, and the court deferred a decision on the restitution request. Specifically here, the argument was over whether or not the victim in this case had previously been fully compensated. So the issue boiled down to whether or not Mr. Stivers was liable for any restitution to the minor victim. And sort of to summarize, there is really no basis in Rule 43A to distinguish the amount of restitution from any other component of the sentence. Ms. Ramay, the procedure for restitution is governed by statute. 18 United States Code Section 3664 sets forth the procedures for ordering and enforcement of restitution. Section 3664A, I'm sorry, C, specifically says that for provisions of this chapter, Rule 32C of the Federal Rules of Criminal Procedure shall be the only rules applicable to proceedings under this section. So it addresses 32A, which is the pre-sentence investigation rule. How under that statute would Rule 43 apply to restitution? And I realize this wasn't briefed, so if you need the opportunity to submit something afterwards, you certainly may. But it seems to me that the statute supersedes the rule here, because rules under the Rules Enabling Act certainly can't trump the substance of a statute passed by Congress. Well, Your Honor, I mean, I have looked at, obviously, at Section 3664, and I know opposing counsel relied more heavily on Section D5. But Rule 32, it does provide that if the law permits restitution, the probation officer must conduct an investigation and submit a report that contains sufficient information for the court to order restitution, and discusses the information that is required in a pre-sentence report. Right, and that's not what – it's an issue here. You – my specific question, Ms. Romay, is you have argued that the failure of the court to hold a hearing with your client present for purposes of determining restitution violates Federal Rule of Criminal Procedure 43A. My question to you is Section 3664C, which governs restitution, specifically says that Federal Rule of Criminal Procedure 32C is the only rule that shall be applicable to proceedings under this section. So how can Rule 43 – how can there be a Rule 43 violation in light of this statute that says only Rule 32C applies? Unless there's some argument that 3664 doesn't apply, but it says for all orders of restitution under this title. So – and you seem to concede in your briefing that 3664 applies. Again, I know I'm throwing this at you new, and I'm going to ask the government the same question because it wasn't addressed in the briefing. If you need additional time to submit something supplemental, I'll let you do that. Sure, and I would be happy to. I would be happy to, you know, look into it a little bit more. I do admit that I hadn't previously grappled with that question, but, you know, sort of as a general answer, I do understand where the court is concerned. But, you know, the right that is contained in Rule 43, the right to be present at sentencing, Rule 43 comes from broader considerations of due process and fairness to a defendant. Mr. May, can I ask you that question in just a little bit different way? I think in United States v. Newman, which is the case that you are asking us to overturn, I think, here, that case talks about the civil nature of a restitution award, and that's what we've held in the past. And perhaps this rule that Judge St. Eve cited under 18 U.S.C. section 3664 is further support that the restitution order is civil in nature and not criminal in nature. It specifically excludes the application of the criminal rules of procedure under 3664. So, can you talk a little bit about why it's not civil in nature? Well, Your Honor, yes. The rule, first of all, aside from the precedent that I cited to the court in the briefs, where the Supreme Court has treated it as more criminal, but restitution is enforced as a criminal penalty. It is tied inherently to the conviction, the criminal conviction. So, you cannot have an order of restitution absent the criminal conviction. And if the criminal conviction is undermined, the order of restitution must be vacated. So, it is inherently inextricably entwined. That's, you know, that's the first and probably the strongest connection between the two. It is punishment for committing the offense. While it does, you know, there is an equitable nature to it, the purpose of restitution is to connect, you know, the harm that the victim suffered to the offense of the defendant. And so, there, you know, it is issued as part of the sentence. It is in the judgment. There is really an enforcement mechanism. Let me ask you another question. Would it be your position that all penalties that flow from a criminal conviction and only occur because of a criminal conviction are criminal in nature? So, all licensing requirements. You know, for instance, you're convicted of a crime and you're a doctor and you use your license to commit your crime, the medical board pulls your license. Is that criminal in nature because it flows from the criminal conviction? No, you know, there's a difference between that because the medical board, you know, so if in your hypothetical, you, if you, if your criminal conviction is overturned later, the medical board still has the option of continuing to, you know, pull your license. I mean, the medical board then operates under its own rules and its own procedures and its own evaluation of your conduct. What about if the criminal conviction, what if the criminal conviction automatically triggered disqualification from, say, submitting claims to the government for medical care, as opposed to a board separately ordering it? If it was something that automatically was triggered, would that be criminal in nature? I think that as long as it's, you know, it's a direct consequence of a criminal conviction. I mean, here, the connection is even closer because it is part of the judgment. It is issued as an inextricable part of sentencing. And, you know, the fact that you can't appeal, if you waive your rights to appeal part of your sentence, you've waived your rights to appeal the restitution order, suggests that it is inextricable part of the sentence. And just to clarify, you know, this distinction over what is a criminal versus an equitable or civil penalty may not be, may not dictate the answer in this case as long as, I mean, as we're looking at what is part of the sentence and what is part of the sentencing. Ms. Ramey, you are out of time. I know we've asked you a lot of questions, so I'll give you a little bit of time for a rebuttal. Thank you. Thank you, Your Honor. Mr. Ekman, you've now had the advantage of hearing some of these questions and the ability, I'm sure, to take a quick peek at the statute, but if you would proceed, please. Yes, Your Honor. Thank you. Thank you, and may it please the Court. My name is Adam Ekman, and I represent the government in this case and the appellee. The district court's amended judgment setting forth the amount Mr. Stivers owed in restitution should not be vacated for two reasons. First, it did not violate Rule 43 because Rule 43 does not require a defendant to be present in the courtroom when the court issues a restitution order. Second, even if it did violate Rule 43, that violation was a harmless error not requiring vacating. Turning to the first point. Before you do that, Mr. Ekman, I'm going to jump in and ask the government's view on Section 3664C that specifically says the procedures for issuance and enforcement of an order of restitution, the provisions of this chapter and Rule 32C of the Federal Rules of Criminal Procedure shall be the only rules applicable to proceedings under this section. So does Rule 43 even apply to restitution orders in the first place? Yes. No, it does not, Your Honor. And to address the underlying premise of your question, I think the first point is the underlying statute, 18 U.S.C. 3664, absolutely applies. That's the statute that governs all things restitution orders. So since that statute applies, Section C of that statute also applies, which essentially says that Rule 43 does not apply. To address maybe the underlying question, the court's question is, why did we not argue that? And I think that to argue that, and we'd be happy to provide additional briefing on this point if the court likes, but it reads that there isn't even a conflict between Rule 43 and 3664. So there's really no conflict between these two statutes, at least as the government sees it. And to kind of explain that, Rule 43 does not say that a defendant has to be present any time something of consequence happens in his case. It's much more narrow than that. But even if it did, would that matter, given the statute? Because under the Rules Enabling Act, you can't create new substantive rules under the federal rules of criminal procedure, and the statute would trump. Yes, you're right, Your Honor. So even if it did apply, Rule C would kick in, and it still wouldn't affect. I think the underlying due process concerns want to clarify that there is no conflict between 3664 and Rule 43. Because 3664 only applies to five scenarios throughout the lifetime of a criminal defendant's case. That's the initial appearance, the arraignment, the trial, the plea, and the sentencing. So if an event happens, no matter how important it is to the defendant, if it doesn't fit into one of those five categories, he does not need to be present at that event. So the question is, is a restitution order given after a sentencing hearing, is that one of those five events? And the answer to this is absolutely not. It is not one of those five events, so he does not need to be present. So there's no conflict between 3664 and 43. You can still comply with 43 and 3664 with no conflict. And we find that answer by turning to Section D5 of the statute Your Honor pointed out, 3664. And D5 defines a restitution order as something that can happen, quote, after sentencing. So by using those two words, after sentencing, we know that this court, that Congress defined restitution order as something distinct from sentencing. Something that happens after sentencing, months after sentencing. It is not a sentencing, so therefore he does not need to be present. And to address my colleague's argument that in some it sounded like she was saying that there, well, the restitution order is inextricably linked to the sentence. Or it's a part of the sentence. So therefore he should have been present when the court docketed its amended judgment. And that just reads into Rule 43 requirements that simply aren't there. Rule 43 does not say, anytime a judgment is docketed that states a part of the sentence, a defendant must be present. Rather it says the defendant must be present at sentencing. And so the way that works typically in practice is the court holds a sentencing hearing in which the defendant is physically present. Then later, maybe a day later, maybe a few days later, the court will docket a judgment saying what the sentence is. And the court dockets that judgment outside of the defendant's presence days after the sentencing. But that doesn't violate Rule 43 because the sentencing was held and that's the only thing he needed to be present for. So the exact same thing happened here. That's exactly what the court did here. It held a sentencing hearing. Mr. Stivers was physically present the entire time. He did not appear by video. He did not appear by phone. He was not asked to leave halfway through. He was present at sentencing the entire time. He was even able to, they were even able to discuss restitution and speak with the judge face-to-face. What did they say in that discussion of restitution? Did they talk about an amount? Yes, so at that discussion between the attorney and the judge, the attorney raised an objection that he admitted he had just kind of stumbled across just before the hearing. And he said he had concerns that the victim had already been, possibly had already been fully compensated. So there was some back and forth on that issue. And then the judge said that she would like additional briefing on it. And she cited 3664, which allows that to happen under Section D5. And then his counsel, Stivers' counsel, said thank you, I appreciate it. And basically assumed that they were going to resolve this through briefing in an eventual order. Where did the $3,000 come up? How did that determination be made? The value, the number? So the $3,000 was arrived at after the parties got additional briefing. They both gave additional briefing. And that briefing was focused on whether the damages the victim suffered from this crime were accurately accounted for. Whether she had been fully compensated and issues about whether the expert used was reliable. And the court arrived at its $3,000 after basically finding that the expert cited by the government was reliable. And his damages estimate could be relied upon for the victim's damages for this crime. So it's settled, $3,000 is not at issue? No, the amount is not at issue. The only question is, should he have been present when the court docketed the amended judgment setting forth that amount? What would that have accomplished if he were present? Yeah, that's actually our second point, Your Honor. Is that even if this did violate Rule 43, somehow docketing it outside of his presence, that was a harmless error. So it really doesn't require vacating the order. Federal Rule of Criminal Procedure 52 says that defendants may suffer a harmless error if it does not affect his substantial rights. So as this court has held in many cases that have considered Rule 43 violations, such as Silverstein, Patterson, Presley, Bonavi, all those cases considered a Rule 43 violation and said, well, that was a harmless error. So we're not going to vacate. So this is to give an example of that. For example, in the Silverstein case, the district court held a jury trial in which a member of the jury asked a question, and the judge answered the question outside of the defendant's presence. And that answering of that question outside of the defendant's presence indisputably violated Rule 43. So even going down the road that that was a definite violation, the court still said, well, we're not going to vacate because that violation was a harmless error. The court reasoned that merely having the defendant physically present in the courtroom wouldn't have changed the court's analysis in any way, because the court likely would have answered the jury's question the same way. That same analysis applies here. The question of how much was owed in restitution really had nothing to do with the defendant or his particular circumstances. It had everything to do with the victim of his crimes and whether that victim had been fully compensated. So having the defendant physically present in the courtroom, just so the court could tell him face-to-face how much he owed in restitution, would not accomplish anything. And his presence there would not have changed anything in the court's analysis because it was focused on the victim. So just because the answer would not have – just because his presence would not have changed the outcome here, this violation, even if there was a violation, was a harmless error, not requiring the court to vacate. Unless the panel has any additional questions for me, the government will rest. Thank you, Mr. Eichmann. Ms. Romay, we'll give you another minute for rebuttal since we asked you a lot of questions. Thank you, Your Honor. There is still a lot to tackle on that, but I just wanted to briefly point out that this is not simply a docketing issue. Of course, all the time the judge announces a sentence in court and dockets it later. Our argument is not that he should have been present for the docketing. He should have been present for the actual making of the decision, which is consistent with sentencing law throughout the country. With respect to Rule 32, I have had a brief moment to glance at it, and I would be happy to submit further briefing. But I would just note that Rule 32 requires that at sentencing, the court must, for any disputed portion of the pre-sentence report or other controverted matter, which the restitution amount was, rule on the dispute or determine that a ruling is unnecessary, either because the matter will not affect sentencing or because the court will not consider the matter in sentencing. Here, the court was ruling on a disputed matter, and it should have been subject to the provisions applicable to sentencing. Thank you very much, Your Honors, and we ask this court to reverse and remand for further proceedings. Thank you to both counsel. We will take the case under advisement. If we want additional briefing on this particular issue, we'll let you know shortly. Thank you.